The Second Union Co-operative Land and Building Society and another

*v.*

Thomas Hardy and another.

Specific performance of a contract for the sale of lands against a defendant in possession of the premises since the time of making the contract, was ordered where the defendant set up outstanding claims of dower by the wives of two former owners, such claims having been extinguished in the one case by a conveyance of such right to the complainant, and in the other by a conveyance directly to the defendant, although one of the deeds was not obtained until after the bill had been filed

Bill for specific performance. On final hearing on pleadings and proofs.

---

Note.—In a bill for specific performance a vendor may, after his agreement to sell, complete his title at any time before filing his bill (*Cotton* v. *Ward,* 3 Mon. 305; *Grundy* v. *Ford,* Litt. Sel. Cas. 129; *Viele* v. *Troy R. R. Co.,* 20 N. Y. 184); or before answer (*Beebe* v. *Dowd,* 22 Barb. 255; *Brush* v. *Vredenburgh,* 1 Edw. Ch. 21); or before the report (*Mortlock* v. *Buller,* 17 Ves. 315; *Dutch Church* v. *Mott,* 7 Paige 77; *Jenkins* v. *Hiles,* 6 Ves. 646; *Beverly* v. *Lawson,* 3 Munf. 317); or before the hearing (*Clanton* v. *Burgess,* 2 Dev. Eq. 13; *Ley* v. *Huber,* 3 Watts 367; *Wynn* v. *Morgan,* 7 Ves. 202; *Roach* v. *Rutherford,* 4 Desauss. 426, 436); or before the decree (*Hepburn* v. *Dunlop,* 1 Wheat. 178; *Langford* v. *Pitt,* 2 P. Wms. 630; *Clute* v. *Robison,* 2 Johns. 595; *Seymour* v. *Delancy,* 3 Cow. 446; *Brown* v. *Huff,* 5 Paige 235; *Allerton* v. *Johnson,* 3 Sandf. Ch. 77; *Luckett* v. *Williamson,* 37 Mo. 389; *Drexel* v. *Jordan,* 104 Mass. 407); unless great injury be done thereby to the vendee (*Brashier* v. *Gratz,* 6 Wheat. 528; *Taylor* v. *Porter,* 1 Dana 421; *Richmond* v. *Gray,* 3 Allen 25; *Christian* v. *Cabell,* 22 Gratt. 82. See *Sharp* v. *Trimmer,* 9 C. E. Gr. 422; 2 White & Tudor's Lead. Cas. * 529.—Rep.

*Mr. E. S. Atwater*, for complainants.

*Mr. M. T. Newbold*, for defendants.

THE CHANCELLOR.

This case appears to me to present no difficulty. The defendants, on the 14th of August, 1866, agreed with the complainant James B. Mingay, by written contract, signed by him and them, to buy of him a lot of land on Cook street, in Jersey City, for $2,000, of which $50 were paid at the signing of the agreement, $450 were to be paid when the deed was delivered (which was to be on the 18th of September, 1876), and the balance, $1,500, was to be secured by their bond and a mortgage therefor, with interest, on the premises. The property was to be conveyed free from all encumbrances. Mingay was treasurer of the complainant society, and held the title in trust for it. The defendants were, at or about the time of making the agreement, let into possession of the premises, and have occupied them ever since. By the answer they object that the title was imperfect because of the outstanding contingent right of dower of the wives of two of the owners of the land through whom Mingay derived his title. But the complainant company has extinguished the right of one of those women by deed from her and her husband to it, and it has obtained and holds a deed for the property in fee from the other and her husband to the defendants. One of those deeds was obtained after the commencement of this suit, but the fact that it was not obtained until after the beginning of the suit, will not, under the circumstances, prevent a decree for specific performance.

The defendants have offered no evidence. They will be required to accept the conveyance from the complainants (the wife of Mingay has joined him in the deed from him to the defendants), and will be required to pay the $450 which was to be paid on the delivery of the deed, and interest on it, and interest on the rest of the purchase-money, for the

time they have been in possession. And they are to have credit for any money which they may have paid to the receiver by way of rent. The title appears not to have been perfected until August, 1878, when the contingent right of dower of Ann Lillis was extinguished by the deed from her to the complainant society. The title was therefore not perfect when the suit was begun, and there does not appear to have been any demand on the defendants that they accept the title after it was perfected. They should have costs on complying with the decree.